UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                                        :

ABDULLAH SPENCER EL DEY,                        :

                              Plaintiff,                             :

                                                              :           20-CV-7208 (JMF)
                 -v-                                      :

                                                               :        MEMORANDUM OPINION
CYNTHIA BRANN, et al.,                             :                AND ORDER

                                                               :

                              Defendants.                         :

                                                               :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Abdullah Spencer El Dey brings this case under 42 U.S.C. § 1983, alleging that that several members of the New York City Department of Correction failed to protect him while he was jailed on Rikers Island. On July 13, 2021, Defendants moved to dismiss the case because El Dey had not provided them with the medical releases necessary to access his medical records. ECF No. 27. On August 9, 2021, El Dey submitted signed releases to the Court. ECF No. 34. According to Defendants, however, these releases contain two defects. First, the name printed by El Dey on the signature lines of the releases does not match his signature on other documents previously submitted by El Dey to NYC Health + Hospitals ("HHC"). Defendants report that when they submitted the signed release to HHC, they were informed that HHC was unable to verify El Dey's signature, due to this mismatch, and that HHC was accordingly unable to release El Dey's medical records. *See* ECF No. 36 at 2. Second, El Dey printed the abbreviation "T.D.C." after his name on the release forms. According to Defendants, this is an acronym used by so-called "sovereign citizens" to indicate that they are signing a document "under threat, duress, and/or coercion," which indicates that El Dey is not voluntarily releasing his medical

records to Defendants. *Id.* at 2-3.

Given these defects, the Court would be on firm ground dismissing El Dey's case. The Court ordered El Dey to "sign and execute medical releases authorizing Defendants to access his medical records . . . and return them to Defendants" by May 24, 2021. ECF No. 24 at 2. Moreover, the Court explicitly cautioned El Dey that "failure to comply with" the Order could "constitute grounds for . . . dismissal of the action." *Id.* Despite that clear direction, Defendants had not received El Dey's medical releases by July 13, 2021, when they filed their motion, and did not receive them until El Dey sent them in August.[1] And, as noted, the releases provided at that time contained the two defects outlined above, violating the spirit, if not the letter, of the Court's Order. In short, failure to comply with the Court's Order would provide a basis for dismissal. *See*, *e.g.*, *Draeger v. City of New York*, No. 17-CV-3059 (JPO), 2017 WL 5624274, at *1 (S.D.N.Y. Nov. 20, 2017) (dismissing where the pro se plaintiff had failed to provide a signed medical release for two months and to communicate with the court).

Nevertheless, mindful of El Dey's pro se status and the fact that dismissal is "the harshest of sanctions" the Court can impose, *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013), the Court will give El Dey one final opportunity to comply with the Court's Order by curing the defects in his releases. Accordingly, Defendants' motion to dismiss is DENIED, and Defendants are ORDERED to promptly send El Dey a clean copy of the medical releases. No later than November 22, 2021, El Dey shall provide to Defendants valid, signed copies of the releases — that is, releases without any defects, including the two defects described above. In light of the foregoing, the fact discovery deadline is hereby EXTENDED, nunc pro tunc, to ninety days after Defendants receive El Dey's releases.

---

[1] El Dey contends that before he sent the releases to the Court in August, he sent an earlier set to Defendants, but does not state when he sent the first set. *See* ECF No. 34 at 1.

If El Dey fails to send Defendants his signed releases, without defects, by the deadline, Defendants may renew their motion to dismiss for failure to prosecute. To that end, the Court warns El Dey that failure to comply with this Order will likely result in dismissal.

The Clerk of Court is directed to terminate ECF No. 27 and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: October 20, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge