UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                              :

ABDULLAH SPENCER EL DEY,                 :

                Plaintiff,                  :

                                                       :               20-CV-7208 (JMF)
          -v-                                       :

                                                       :               MEMORANDUM
CYNTHIA BRANN, et al.,                        :        OPINION AND ORDER
                      Defendants.          :              OF DISMISSAL
                                                       :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Id.* at 251. In considering a Rule 41(b) dismissal, courts must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In this case, the Court has not heard from Plaintiff since September 30, 2021. After denying Defendants' motion to revoke Plaintiff's *in forma paueris* status on September 16, 2022, the Court advised Plaintiff to contact the Court if he intended to continue prosecuting this case by October 17, 2022. ECF No. 65. The Court expressly warned Plaintiff that failure to communicate to the Court could result in dismissal of this case for failure to prosecute. *Id.* To date, the Court has not received any communication from Plaintiff. The Court recognizes that several of its recent orders have been returned as undeliverable. But Plaintiff was previously advised that it is his "obligation to promptly submit a written notification to the Court if [his] address changes, and the Court may dismiss the action if [he] fails to do so." ECF No. 5. District courts in this Circuit have recognized that "the failure to maintain [a current address] with the Court is a ground for failure to prosecute" because "[t]he case cannot proceed" without such information. *Pratt v. Behari*, No. 11-CV-6167 (JGK), 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted); *see also Ealy v. Superintendent of Groveland Corr. Facility*, 680 F. Supp. 2d 445, 448 (W.D.N.Y. 2010) (a plaintiff's failure to update his address "is no small matter." (internal quotation marks omitted)).

In light of the Court's inability to proceed without updated contact information for Plaintiff, dismissal of the case is warranted. However, given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice. *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

3

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to terminate to close the case. Additionally, the Clerk of Court is directed to mail a copy of this Order to Plaintiff (notwithstanding the fact that it will presumably be returned as undeliverable).

SO ORDERED.

Dated: October 28, 2022
New York, New York

_____
JESSE M. FURMAN
United States District Judge